# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00808-SPM |
| | ) | |
| RUG DOCTOR, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Benjamin Thurman's application to proceed in district court without prepaying fees or costs. After reviewing plaintiff's financial information, the Court finds that he is unable to pay the filing fee and will waive the fee. Additionally, for the reasons stated below, the Court will dismiss plaintiff's claim as frivolous under 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of

misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## Discussion

This is the fifth time plaintiff has brought this employment discrimination case against his former employer, Rug Doctor. All four prior cases were brought *in forma pauperis* and were dismissed as frivolous under § 1915(e)(2)(B). *See Thurman v. Rug Doctor*, No. 4:23-cv-659-SPM (E.D. Mo. Sept. 19, 2023) (*Thurman I*) (dismissing complaint as frivolous and for failure to state a claim upon which relief may be granted); *Thurman v. Rug Doctor*, No. 4:24-cv-810-SPM (E.D. Mo. Jun. 13, 2024) (finding *Thurman I* dismissal has res judicata effect and dismissing complaint as frivolous); *Thurman v. Rug Doctor*, No. 4:24-cv-1199-SPM (E.D. Mo. Oct. 9, 2024) (dismissing complaint as frivolous and for failure to

state a claim); *Thurman v. Rug Doctor*, No. 4:25-cv-22-SPM (E.D. Mo. Jan. 16, 2025) (dismissing complaint as frivolous).

A § 1915(e)(2) dismissal of a subsequent *in forma pauperis* complaint on res judicata grounds is proper if prior complaints were dismissed as frivolous. *See Vaughn v. Performance Labs, LLC*, No. 24-2920, 2024 WL 5265348 (8th Cir. Dec. 30, 2024) (citing *Waller v. Groose*, 38 F.3d 1007 (8th Cir. 1994)). This is the fifth time plaintiff has brought this employment discrimination suit against defendant Rug Doctor alleging the same claims. His four prior cases were dismissed on initial review as frivolous. The prior dismissal of plaintiff's four cases for frivolity under §1915(e)(2)(B) has res judicata effect on this newest *in forma pauperis* complaint. *Id.* Accordingly, the Court finds this fifth complaint is frivolous for purposes of §1915(e)(2)(B) review. It will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** as frivolous. *See* 28 U.S.C. §1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 4th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE